101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gilbert GONZALEZ, Plaintiff-Appellant,
v.
Sgt. NAPOLITANO, Edward Trennes, P.O., Defendants-Appellees,
POLICE OFFICERS OF THE 43RD PRECINCT, Misael Rodriguez,
P.O., Defendants.
 No. 94-2740.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT:John J.P. Howley, Kaye, Scholer, Fierman, Hays & Handler, New York, New York.
 APPEARING FOR APPELLEE:Ellen B. Fishman, Assistant Corporation Counsel of the City of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 FEINBERG, MAHONEY, and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Gilbert Gonzalez appeals from a judgment entered November 25, 1994 that dismissed his action pursuant to 42 U.S.C. § 1983 against defendants-appellees Christopher Napolitano and Edward Trennes for excessive use of force in arresting Gonzalez after a jury determination in their favor. The district court had previously directed a verdict in favor of defendants Police Officers of the 43rd Precinct and Misael Rodriguez, and Gonzalez does not contest that ruling on appeal. Gonzalez argues that the district court erred by admitting evidence of Gonzalez' prior convictions for robbery in 1981 and for attempted criminal possession of a weapon in 1985, and by refusing to grant a continuance to enable Gonzalez to obtain medical records from the prison at which he was incarcerated.
 
 
 4
 2. Rule 609(a) of the Federal Rules of Evidence authorizes admission of evidence of a prior felony conviction to attack the credibility of a witness "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Rule 609(b) provides that if the conviction (or release from ensuing confinement) is more than ten years old, the evidence may be admitted only if "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." In admitting the evidence of Gonzalez' prior convictions, the district court applied only the more lenient Rule 609(a) formula, although the age of the 1981 conviction called for application of the Rule 609(b) standard.
 
 
 5
 3. The 1981 robbery conviction was also admitted pursuant to Rule 404(b) of the Federal Rules of Evidence, however, to show Gonzalez' motive to flee from arrest. Gonzalez does not contest this evidentiary ruling. Because the conviction was undisputedly admissible on this alternative theory, any error on the part of the district court is harmless. See United States v. Mahler, 579 F.2d 730, 736 (2d Cir.). (Since "[t]he convictions admitted pursuant to Rule 609(b) had ... already been properly introduced for a different purpose pursuant to Rule 404(b)[,] ... any incremental prejudice flowing from the use of the convictions for impeachment purposes had to have been minimal."), cert. denied, 439 U.S. 872, 991 (1978).
 
 
 6
 4. Finally, the district court did not commit reversible error in refusing to grant a continuance for Gonzalez to procure medical records. Gonzalez raised this issue on the first day of trial, and the district court's conclusion that he had had sufficient notice to procure the records prior to trial was reasonable. In any event, the records related to his then-current medical condition, and had only tangential relevance to the injuries allegedly suffered at the much earlier time of his arrest.